1  EUGENE J. EGAN (State Bar No. 130108)
   PAUL HANNA (State Bar No. 222012)
2  **MANNING & MARDER**
   **KASS, ELLROD, RAMIREZ LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, California 90017
4  Tel.: (213) 624-6900
   Fax: (213) 624-6999
5
   Attorneys for **Defendant TARGET CORPORATION**
6

FILED

2010 MAR 26  PM 3: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY———————

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  KIMBERLY FRAZIER,                )   USDC CASE NO.
                                     )   **CV10- 2240**
12             Plaintiff,            )   LASC Case No.: BC432079
                                     )
13      v.                           )
                                     )
14  THE PROCTOR AND GAMBLE U.S.      )   1.   **NOTICE OF REMOVAL OF**
    BUSINESS SERVICES COMPANY, AN    )        **ACTION UNDER 28 U.S.C.**
15  OHIO CORPORATION, TARGET         )        **§1441(b)**
    CORPORATION, A MINNESOTA         )        **(DIVERSITY)**
16  CORPORATION, AND DOES 1 TO 10    )
                                     )   2.   **DECLARATIONS OF PAUL**
17             Defendants.           )        **HANNA, EDWARD T.**
                                     )        **ATTANASIO, AND KARLA**
18  _____ )        **CONSTANTINO**

19                                       Complaint Filed:   February 19, 2010

20

21          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22          PLEASE TAKE NOTICE that defendants TARGET CORPORATION (hereinafter

23  "Target") joined by THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES

24  COMPANY ("P&G") (collectively, "Defendants") hereby removes to this Court the state

25  court action described below.

26          1.     On February 19, 2010 an action was commenced in the Superior Court of

27  the State of California in and for the County of Los Angeles, entitled KIMBERLY

28  FRAZIER, Plaintiff, vs. THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES

**NOTICE OF REMOVAL**

1  COMPANY, an Ohio Corporation,  TARGET CORPORATION, a Minnesota

2  Corporation, and DOES 1 TO 10, Inclusive, Defendants, as Case Number BC432079

3  (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit

4  "A."

5       2.     Target first received a copy of the said Complaint on February 25, 2010,

6  when a copy of the said complaint and summons was personally served on CT

7  Corporation, Target's agent for service of process in California.  A true and correct copy

8  of this summons and service of process transmittal is attached hereto as Exhibit "B."

9       3.     P&G first received a copy of the said Complaint on February

10  25, 2010, when a copy of the said complaint and summons was personally served on CT

11  Corporation, P&G's agent for service of process in California.  A true and correct copy

12  of this summons and service of process transmittal is attached hereto as Exhibit "C."

13       4.     On January 15, 2009, plaintiff advised a representative of Target

14  Corporation that she resided in Los Angeles, California.  Defendants are informed and

15  believe that Plaintiff was, at the time she filed the Action and still is, a citizen of the

16  State of California.  See Declaration of Karla Constantino attached hereto as Exhibit

17  "D."

18       5.     Defendants first learned that the amount in controversy exceeded

19  $75,000 when they received Plaintiff's Statement of Damages served with the Complaint

20  on February 25, 2010, in which Plaintiff claimed General Damages totaling $600,000

21  and Special Damages totaling $200,000.  A true and correct copy of the Statement of

22  Damages is attached hereto as Exhibit "E."

23       6.     This action is a civil action of which this Court has original jurisdiction

24  under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant

25  pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between

26  citizens of different states and the matter in controversy exceeds the sum of $75,000,

27  exclusive of interest and costs.  No Defendant to this Action is a California resident.

28       7.     Target Corporation was, at the time of the filing of this action, and still

-2-

**NOTICE OF REMOVAL**

1  is, a citizen of the State of Minnesota, incorporated under the laws of the State of

2  Minnesota, with its principal place of business in the State of Minnesota.  Both the

3  California Secretary of State and Minnesota Secretary of State identify Target

4  Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall,

5  Minneapolis, Minnesota 55403 on their respective websites.  True and correct copies of

6  search results for Target Corporation on those websites are attached hereto as Exhibit

7  "F."

8       8.     P&G was, at the time of the filing of this action, and still is, a citizen of the

9  State of Ohio, incorporated under the laws of the State of Ohio, with its principal place

10  of business in the State of Ohio.  The California Secretary of State identifies Proctor &

11  Gamble as an Ohio Corporation with its principle address at P.O. Box 599, Cincinnati,

12  Ohio 56201 its website.  A true and correct copy of search results for Proctor & Gamble

13  on that website is attached hereto as Exhibit "G".

14       9.     Target and Proctor & Gamble are the only named defendants; the other

15  defendants in this Action are fictitiously named, designated as Does 1 to 10, and their

16  citizenship shall not be considered in determining diversity jurisdiction.  28 U.S.C.

17  §1441(b).

18       10.    This Notice of Removal is filed with this Court within 30 days after

19  Defendants first ascertained that the case was removable and within 30 days of service of

20  summons.  Defendants learned that the amount in controversy exceeded $75,000 when

21  Plaintiff's Statement of Damages was served with the Complaint on or about February

22  25, 2010.  Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which

23  specifically provides, "The notice of removal of a civil action or proceeding shall be

24  filed within thirty days after the receipt by the defendant, through service or otherwise,

25  of a copy of the initial pleading setting forth the claim for relief upon which such action

26  or proceeding is based, or within thirty days after the service of summons upon the

27  defendant if such initial pleading has then been filed in court and is not required to be

28  served on the defendant, whichever period is shorter." 28 U.S.C.§ 1446 (b).

1      11.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process,

2 pleadings, and orders sent to and received by Defendants in the State Court action are

3 attached hereto.

4

5 Dated:  March 26, 2010

                                     MANNING & MARDER
                                     KASS, ELLROD, RAMIREZ LLP

                                   By: _____
                                        EUGENE J. EGAN
                                        PAUL HANNA
                                        Attorneys for Defendants
                                      TARGET CORPORATION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PAUL HANNA

I, PAUL HANNA, declare as follows:

1.     I am an attorney at law duly licensed to practice in the courts of the State of California and am an associate in the firm of Manning & Marder, Kass, Ellrod Ramirez LLP, attorneys of record for defendants TARGET CORPORATION (hereinafter "Target") herein.  I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, I could and would competently so testify.

2.     This Declaration is submitted in support of defendants' Notice of Removal of Action Under 28 U.S.C. §1441(b) (Diversity).

3.     On February 19, 2010 an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled KIMBERLY FRAZIER, Plaintiff, vs. THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY and TARGET CORPORATION; and DOES 1 TO 10, Inclusive, Defendants, as Case Number BC432079 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

4.     Target first received a copy of the said Complaint on February 25, 2010, when a copy of the said complaint and summons was personally served on CT Corporation, Target's agent for service of process in California.  A true and correct copy of this summons and service of process transmittal is attached hereto as Exhibit "B."

5.     THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY (P&G) first received a copy of the said Complaint on February 25, 2010, when a copy of the said complaint and summons was personally served on CT Corporation, P&G's agent for service of process in California.  A true and correct copy of this summons and service of process transmittal is attached hereto as Exhibit "C."

6.     On January 15, 2009, plaintiff advised a representative of Target Corporation that she resided in Los Angeles, California.  Defendants are informed and believe that Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.  See Declaration of Karla Constantino attached hereto as Exhibit

1  "D."

2      7.     Defendants first learned that the amount in controversy exceeded $75,000

3  when it received Plaintiff's Statement of Damages served with the Complaint on

4  February 25, 2010, in which Plaintiff claimed General Damages totaling $600,000 and

5  Special Damages totaling $200,000.  A true and correct copy of the Statement of

6  Damages is attached hereto as Exhibit "E."

7      8.     Target was, at the time of the filing of this action, and still is, a citizen of the

8  State of Minnesota, incorporated under the laws of the State of Minnesota, with its

9  principal place of business in the State of Minnesota.  Both the California Secretary of

10  State and Minnesota Secretary of State identify Target Corporation as a Minnesota

11  Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota

12  55403 on their respective websites.  True and correct copies of search results for Target

13  Corporation on those websites are attached hereto as Exhibit "F."

14      9.     P&G was, at the time of the filing of this action, and still is, a citizen of the

15  State of Ohio, incorporated under the laws of the State of Ohio, with its principal place

16  of business in the State of Ohio.  The California Secretary of State identifies Proctor &

17  Gamble as an Ohio Corporation with its principle address at P.O. Box 599, Cincinnati,

18  Ohio 56201 its website.  A true and correct copy of search results for Proctor & Gamble

19  on that website is attached hereto as Exhibit "G".

20      10.    A true and correct copy of Target's Answer to the Complaint, filed in the

21  Los Angeles County Superior Court on March 24,2010 is attached hereto as Exhibit "H."

22      11.    A true and correct copy of Proctor & Gamble's Answer to the Complaint,

23  filed in the Los Angeles County Superior Court on March 23,2010  is attached hereto as

24  Exhibit "I."

25      12.    Target and Proctor & Gamble are the only named defendants; the other

26  defendants in this Action are fictitiously named, designated as Does 1 to 10, and their

27  citizenship shall not be considered in determining diversity jurisdiction.  28 U.S.C.

28  §1441(b).

**NOTICE OF REMOVAL**

13.     This Notice of Removal is filed with this Court within 30 days after Defendants first ascertained that the case was removable. Defendants learned that the amount in controversy exceeded $75,000 when Plaintiff's Statement of Damages was served with the Complaint on or about February 25, 2010. Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.§ 1446 (b).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 26th day of March, 2010, at Los Angeles, California.

PAUL HANNA, Declarant

**NOTICE OF REMOVAL**

# EXHIBIT  A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>OGOCHUKWU VICTOR ONWAEZE<br>ONWAEZE LAW GROUP<br>3250 WILSHIRE BLVD.<br>SUITE 1500<br>LOS ANGELES, CA. 90010<br>TELEPHONE NO: 213-738-5066    FAX NO. *(Optional)*:  213-738-5068<br>E-MAIL ADDRESS *(Optional)*: ONWAEZE@AOL.COM<br>ATTORNEY FOR *(Name)*: KIMBERLY FRAZIER | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 19 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>RUGENA LOPEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA. 90012
BRANCH NAME: CENTRAL JUDICIAL DISTRICT

PLAINTIFF: KIMBERLY FRAZIER

DEFENDANT: THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES
COMPANY, AN OHIO CORPORATION, TARGET CORPORATION, A MINNESOTA
CORPORATION
[X] DOES 1 TO   10

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:
Type *(check all that apply)*:
[ ] MOTOR VEHICLE      [X] OTHER *(specify)*:  PRODUCT LIABILITY
   [ ] Property Damage      [ ] Wrongful Death
   [ ] Personal Injury      [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded    [ ] does not exceed $10,000
                      [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:
BC432079

1. Plaintiff *(name or names)*: KIMBERLY FRAZIER

alleges causes of action against defendant *(name or names)*: THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES
COMPANY, TARGET CORPORATION

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Legal
Solutions
[a] Plus

Code of Civil Procedure, § 425.12



PLD-PI-001

| SHORT TITLE: FRAZIER VS. PROCTOR AND GAMBLE | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):

   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): THE PROCTOR AND        c. ☐ except defendant (name):
      GAMBLE U.S BUSINESS SERVICES COMPANY

      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                                   (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):            (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                     (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                (5) ☐ other (specify):

   b. ☒ except defendant (name):                        d. ☐ except defendant (name):
      TARGET CORPORATION

      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                                   (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):            (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                     (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1 TO 8 _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants (specify Doe numbers): 9 AND 10 _____ are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: FRAZIER VS. PROCTOR AND GAMBLE | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $ 0.00

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  JANUARY 26, 2010

OGOCHUKWU VICTOR ONWAEZE
   (TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 3 of 3

PLD-PI-001(5)

| SHORT TITLE: FRAZIER VS. PROCTOR AND GAMBLE | CASE NUMBER: |
|---|---|

FIRST_____                    CAUSE OF ACTION—Products Liability                    Page FOUR_____
    (number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: KIMBERLY FRAZIER

Prod. L-1. On or about *(date)*: JANUARY 13, 2009                plaintiff was injured by the following product:
    SWIFFER WET REFILL PACK

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
    The product was defective when it left the control of each defendant. The product at the time of injury
    was being
    [X]  used in the manner intended by the defendants.
    [X]  used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
        readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
    [X]  purchaser of the product.                    [X]  user of the product.
    [ ]  bystander to the use of the product.        [ ]  other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [X]  **Count One--Strict liability** of the following defendants who
    a. [X]  manufactured or assembled the product *(names)*: THE PROCTOR AND GAMBLE U.S. BUSINESS
        SERVICES COMPANY

        [X] Does 1_____ to 5_____
    b. [X]  designed and manufactured component parts supplied to the manufacturer *(names)*:
        THE PROCTOR AND GAMBLE U.S. BUSINESS COMPANY

        [X] Does 1_____ to 5_____
    c. [X]  sold the product to the public *(names)*:TARGET CORPORATION

        [X] Does 6_____ to 10_____
Prod. L-5. [X]  **Count Two--Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
    THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY, TARGET CORPORATION

        [X] Does 1_____ to 10_____
Prod. L-6. [X]  **Count Three--Breach of warranty** by the following defendants *(names)*: THE PROCTOR AND GAMBLE
    U.S. BUSINESS SERVICES COMPANY, TARGET CORPORATION
        [X] Does 1_____ to 10_____
    a. [X]  who breached an implied warranty
    b. [X]  who breached an express warranty which was
        [X] written  [X] oral
Prod. L-7. [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    [ ]  listed in Attachment-Prod. L-7  [ ]  as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]                    CAUSE OF ACTION—Products Liability        Legal Solutions Plus        Code of Civil Procedure, § 425.12

Page 1 of 1

PLD-PI-001(2)

| SHORT TITLE:  FRAZIER VS. PROCTOR AND GAMBLE | CASE NUMBER: |
|---|---|

SECOND _____  CAUSE OF ACTION—General Negligence          Page FIVE
_____(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1.  Plaintiff *(name):*   KIMBERLY FRAZIER

       alleges that defendant *(name):*   THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY, TARGET CORPORATION

       [X] Does 1_____ to 10_____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*  JANUARY 13, 2009
at *(place):*  LOS ANGELES, CALIFORNIA

      *(description of reasons for liability):*

DEFENDANT'S AND EACH OF THEM OWED THE PLAINTIFF A DUTY OF CARE IN THE MANUFACTURING, PACKAGING AND MARKETING OF THEIR PRODUCT A SWIFFER WET REFILL PACK.  DEFENDANTS AND EACH OF THEM BREACHED THE DUTY OF CARE TO THE PLAINTIFF AS A RESULT OF WHICH THE PLAINTIFF SUFFERED PERSONAL INJURIES.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure 425.12

/2

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
02/25/2010
CT Log Number 516214060

**TO:**   Jason Walbourn, Senior Counsel - Litigation
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:**   **Process Served in California**

**FOR:**   Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**   Kimberly Frazier, Pltf. vs. The Proctor and Gamble U.S. Business Services Company, etc., et al. including Target Corporation, etc., Dfts.

**DOCUMENT(S) SERVED:**   Summons (2 sets), Complaint (2 sets), Attachment(s), Notice, Statement (2 sets)

**COURT/AGENCY:**   Los Angeles County, Superior Court, Central District, CA
Case # BC432079

**NATURE OF ACTION:**   Product Liability Litigation - Personal Injury - Plaintiff was injured by the product Swiffer Wet Refill Pack on January 13, 2009

**ON WHOM PROCESS WAS SERVED:**   C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:**   By Process Server on 02/25/2010 at 10:07

**APPEARANCE OR ANSWER DUE:**   Within 30 days after service

**ATTORNEY(S) / SENDER(S):**   Ogochukwu Victor Onwaeze
Onwaeze Law Group
3250 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90010
213-738-5066

**ACTION ITEMS:**   CT has retained the current log, Retain Date: 02/25/2010, Expected Purge Date: 03/02/2010
Image SOP
Email Notification, Non Employee Litigation Target gl.legal@target.com

**SIGNED:**   C T Corporation System
**PER:**   Nancy Flores
**ADDRESS:**   818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**   213-337-4615

Page 1 of 1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3/2/2010          000773222F0001          6020100302000982

13

2/25/10     10⁰⁷

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO): THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY, AN OHIO CORPORATION, TARGET CORPORATION, A MINNESOTA CORPORATION, DOES 1 TO 10

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

KIMBERLY FRAZIER



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 19 2010

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
RUGENA LOPEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): LOS ANGELES SUPERIOR COURT | CASE NUMBER (Número del Caso): BC432079 |
|---|---|

111 N. HILL STREET
LOS ANGELES, CA. 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ogochukwu Victor Onwaeze, 3250 Wilshire Blvd., Suite 1500, Los Angeles, Ca. 90010. 213-738-5066

| DATE: FEB 19 2010 (Fecha) | Clerk, by_____ (Secretario) RUGENA LOPEZ | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): TARGET CORPORATION

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
02/26/2010
CT Log Number 516222163

TO:  Bonnie Zink
     The Procter & Gamble Company
     299 East Sixth Street, Legal Dept., S9-118
     Cincinnati, OH 45202

RE:  **Process Served in California**

FOR: The Procter & Gamble U.S. Business Services Company (Domestic State: OH)

*Not the "correct △*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kimberly Frazier, Pltf. vs. The Proctor and Gamble U.S. Business Services Company, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint (2 sets), Notice (2 sets), Instructions (2 sets), Attachment(s), Statement of Damages (2 sets) |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC432079 |
| **NATURE OF ACTION:** | Breach Duty of Care - Defendants owe the plaintiff a duty of care in the manufacturing, packaging and marketing of their product, causing personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2010 at 10:07 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Ogochukwu Victor Onwaeze<br>Onsaeze Law Group<br>3250 Wilshire Blvd.<br>Suite 1500<br>Los Angeles, CA 90010<br>213-738-5066 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/26/2010, Expected Purge Date: 03/03/2010<br>Image SOP<br>Email Notification, Joe Suarez suarez.jp@pg.com<br>Email Notification, Angie Hall hall.ag@pg.com<br>Email Notification, Bonnie Zink zink.mb@pg.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

15

2/25/10          10 07

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 19 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
RUGENA LOPEZ

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** THE PROCTOR AND GAMBLE U.S. BUSINESS
SERVICES COMPANY, AN OHIO CORPORATION, TARGET CORPORATION, A
MINNESOTA CORPORATION, DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

KIMBERLY FRAZIER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER |
|---|---|
| (El nombre y dirección de la corte es): LOS ANGELES SUPERIOR COURT | (Número del Caso): BC 432079 |

111 N. HILL STREET
LOS ANGELES, CA. 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ogochukwu Victor Onwaeze, 3250 Wilshire Blvd., Suite 1500, Los Angeles, Ca. 90010.  213-738-5066

RUGENA LOPEZ

| DATE: FEB 19 2010 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | American LegalNet, Inc. |
| | | www.FormsWorkflow.com |



16

# EXHIBIT D

1  EUGENE J. EGAN (State Bar No. 130108)
   PAUL HANNA (State Bar No. 222012)
2  **MANNING & MARDER**
   **KASS, ELLROD, RAMIREZ LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, California 90017
4  Tel.: (213) 624-6900
   Fax: (213) 624-6999
5
6  Attorneys for **Defendant TARGET CORPORATION**
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  KIMBERLY FRAZIER,                    )    USDC CASE NO.
12                    Plaintiff,         )
                                         )    LASC Case No.: BC432079
13        v.                             )
                                         )
14  THE PROCTOR AND GAMBLE U.S.          )    **DECLARATION OF KARLA**
    BUSINESS SERVICES COMPANY, AN        )    **CONSTANTINO  IN SUPPORT**
15  OHIO CORPORATION, TARGET             )    **OF DEFENDANTS' NOTICE OF**
    CORPORATION, A MINNESOTA             )    **REMOVAL**
16  CORPORATION; AND DOES 1 TO 10        )
17                    Defendants.        )    Complaint Filed:   February 11, 2008
18  _____
19
20
21        I, Karla Constantino, hereby declare:
22        1.    I am now and was, on January 15, 2009, a Claims Examiner  for Target
23  Guest Reporting Center.
24        2.    My current job duties include, among other things, communicating with,
25  and obtaining recorded statements from guests of Target stores that make claims against
26  Target Corporation.
27        3.    On January 15, 2009, I spoke with and obtained by telephone, a recorded
28  statement from plaintiff Kimberly Frazier.  I took notes concurrently with my telephone
    conversation with Ms. Frazier on January 15, 2009.

Constantino Declaration-Removal.wpd
                                        -1-
                    **DECLARATION OF KARLA CONSTANTINO**

ऽ7

4.      During my telephone conversation with Kimberly Frazier on January 15, 2009, she informed me that she resided at 7022 Third Avenue in Los Angeles, California, 90043. I noted this information at the time she provided it to me and retained a record of it.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23rd day of March, 2010, at Minneapolis, Minnesota.

*Karla Constantino*

Karla Constantino, Declarant

Constantino Declaration-Removal.wpd

-2-

**DECLARATION OF KARLA CONSTANTINO**

**EXHIBIT E**

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| OGOCHUKWU VICTOR ONWAEZE<br>ONWAEZE LAW GROUP<br>3250 WILSHIRE BLVD.<br>SUITE 1500<br>LOS ANGELES, CA. 90010 | 213-738-5066 | |

ATTORNEY FOR *(name)*:   KIMBERLY FRAZIER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:   111 N. HILL STREET
MAILING ADDRESS:   111 N. HILL STREET
CITY AND ZIP CODE:   LOS ANGELES, CA. 90012
BRANCH NAME:   CENTRAL JUDICIAL DISTRICT

PLAINTIFF:   KIMBERLY FRAZIER
DEFENDANT:   THE PROCTOR AND GAMBLE U.S. BUSINESS S

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:
BC432079

To *(name of one defendant only)*:   THE PROCTOR AND GAMBLE U.S. BUSINESS SERVICES COMPANY
Plaintiff *(name of one plaintiff only)*:   KIMBERLY FRAZIER
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                    AMOUNT
   a. [X] Pain, suffering, and inconvenience .................................................. $ 500,000.00
   b. [X] Emotional distress ................................................................ $ 100,000.00
   c. [ ] Loss of consortium ............................................................... $   0.00
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ................. $   0.00
   e. [ ] Other *(specify)* ................................................................ $   0.00
   f. [ ] Other *(specify)* ................................................................ $   0.00
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ..................................................... $ 100,000.00
   b. [X] Future medical expenses *(present value)* ........................................ $ 100,000.00
   c. [ ] Loss of earnings *(to date)* ..................................................... $   0.00
   d. [ ] Loss of future earning capacity *(present value)* ................................ $   0.00
   e. [ ] Property damage .................................................................. $   0.00
   f. [ ] Funeral expenses *(wrongful death actions only)* ................................. $   0.00
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. $   0.00
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $   0.00
   i. [ ] Other *(specify)* ................................................................ $   0.00
   j. [ ] Other *(specify)* ................................................................ $   0.00
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$   0.00
   when pursuing a judgment in the suit filed against you.

Date: 2/23/10

OGOCHUKWU VICTOR ONWAEZE
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)
Code of Civil Procedure, §§ 425.11, 425.115



# EXHIBIT F

# Business Entity Detail

Data is updated weekly and is current as of Friday, March 19, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | TARGET CORPORATION |
| Entity Number: | C0536463 |
| Date Filed: | 11/24/1967 |
| Status: | ACTIVE |
| Jurisdiction: | MINNESOTA |
| Entity Address: | 1000 NICOLLET MALL, TPN-0945 |
| Entity City, State, Zip: | MINNEAPOLIS MN 55403 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH STREET |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

20

# EXHIBIT G

# Business Entity Detail

Data is updated weekly and is current as of Friday, March 19, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | THE PROCTOR & GAMBLE U.S. BUSINESS SERVICES COMPANY |
| Entity Number: | C2407338 |
| Date Filed: | 03/15/2002 |
| Status: | ACTIVE |
| Jurisdiction: | OHIO |
| Entity Address: | PO BOX 599 |
| Entity City, State, Zip: | CINCINNATI OH 56201 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH STREET |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

21

# EXHIBIT H

1  EUGENE REGAN (State Bar No. 130108)
   PAUL HANNA (State Bar No. 222012)
2  MANNING & MARDER
   KASS, ELLROD, RAMIREZ LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5  Facsimile: (213) 624-6999

6  Attorneys for Defendant TARGET CORPORATION,

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 KIMBERLEY FRAZIER,                    )   LASC CASE NO.: BC432079
                                          )   [Unlimited Civil Case]
12                                        )   [Assigned to the Honorable John A.
              Plaintiff,                   )   Kronstadt, Dept. 30]
13                                        )
       v.                                 )
14                                        )   **TARGET CORPORATION'S**
   THE PROCTOR AND GAMBLE U.S.            )   **ANSWER TO COMPLAINT**
15 BUSINESS SERVICES COMPANY,            )
   AN OHIO CORPORATION, TARGET           )
16 CORPORATION, A MINNESOTA              )
   CORPORATION and DOES 1 through 10,    )
17                                        )
18            Defendants.                 )
                                          )   **Complaint Filed: 2/19/10**
19 _____       )

20       Defendant TARGET CORPORATION answers plaintiff KIMBERLEY FRAZIER's

21 unverified Complaint as follows:

22       1.      Pursuant to *Code of Civil Procedure* Section 431.30, defendant KIMBERLEY

23 FRAZIER (hereinafter "defendant") denies generally and specifically each and every

24 allegation in the First Amended Complaint.  Defendant further denies that plaintiff has been

25 damaged in the sum alleged in the First Amended Complaint, or any other sum, or at all.

26       The following Affirmative Defenses are based upon evidentiary support or are likely

27 to have evidentiary support after a reasonable opportunity for further investigation or

28 discovery:

### FIRST AFFIRMATIVE DEFENSE

2.    The Complaint fails to state a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

3.    At the time and place of the occurrence alleged in the Complaint, plaintiff failed to exercise ordinary care on her own behalf for her own safety.  That negligence caused the injury and damage, by her proportional share of fault.

### THIRD AFFIRMATIVE DEFENSE

4.    Defendant's liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to defendant's percentage of fault in accordance with *Civil Code* Section 1431.2(a).

### FOURTH AFFIRMATIVE DEFENSE

5.  .   At the time and place referred to in the Complaint, and before such event, plaintiff knew, appreciated and understood each and every risk involved in placing herself in the position which she then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury.

### FIFTH AFFIRMATIVE DEFENSE

6.    Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

7.    Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize the damages, if any, which plaintiff suffered.  Plaintiff has failed to exercise reasonable efforts on his part or to reasonably have made expenditures which could have prevented the losses which plaintiff has allegedly suffered.

### SEVENTH AFFIRMATIVE DEFENSE

8.    The damages sustained by plaintiff, if any, were proximately caused by the acts,

**TARGET CORPORATION'S ANSWER TO COMPLAINT**

1    omissions, negligence, fraud and/or breach of obligations by persons other than defendant and

2    beyond defendant's supervision and control.

### EIGHTH AFFIRMATIVE DEFENSE

4     9.     The damages sustained by plaintiff, if any, were the result of an unavoidable

5    accident insofar as defendant is concerned, and occurred without any negligence, want of care,

6    default, or other breach of duty to plaintiff on the part of defendant.

### NINTH AFFIRMATIVE DEFENSE

8     10.     The damages or injuries complained of by plaintiff, if any, were the result of no

9    human intervention but was solely caused by a natural cause which no one could reasonably be

10    expected to anticipate and whose effects could not be prevented or controlled by the exercise of

11    prudence, diligence, and care.

### TENTH AFFIRMATIVE DEFENSE

13     11.     The injury to plaintiff did not occur in a way which was reasonably

14    foreseeable.

### ELEVENTH AFFIRMATIVE DEFENSE

16     12.     It was not reasonably foreseeable that the product used by plaintiff involved a

17    substantial danger to her.

### TWELFTH AFFIRMATIVE DEFENSE

19     13.     The causes of action alleged in the First Amended Complaint are barred by the

20    applicable statutes of limitations, including, but not limited to the provisions of *Code of Civil*

21    *Procedure* Section 335.1.

### THIRTEENTH AFFIRMATIVE DEFENSE

23     14.     Plaintiff is estopped from asserting any rights which she may have against

24    defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

26     15.     Plaintiff knowingly waived, by verbal expressions or conduct, any known rights

27    which she may have had against defendant.

28    ///

## FIFTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff was not using the product in a reasonable manner appropriate to the purpose for which it was intended.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's injury did not result from a use of the product which was reasonably foreseeable by defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.     At the time of the alleged accident sued on, the product was being misused by plaintiff in a manner which was not appropriate for its intended purposes. This misuse of the product was without defendant's knowledge, approval, or consent and was contrary to the printed instructions that were delivered to plaintiff with the product. The use of the product was not reasonably foreseeable to defendant either at or before the time of the sale, or at any time before the time defendant received notice of the incident described in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19.     There was no defect in the product at the time that it left the control of defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

20.     After the product left the control of defendant, and without defendant's knowledge and approval, the product was altered or subjected to treatment which substantially changed its character. The defect in the product, as alleged in the Complaint, resulted, if at all, from the alteration, treatment or other change of the product after defendant relinquished control over the product and not from any act or omission of defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

21.     Defendant expressly disclaimed any implied warranties by using language which in common understanding called to plaintiff's attention the exclusion of warranties and made plain that there was no implied warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22.     Plaintiff's alleged injuries, to the extent they are found to be wholly or partially attributable to the product of defendant, which is expressly denied by defendant, were the direct

Target Answer.wpd

**TARGET CORPORATION'S ANSWER TO COMPLAINT**

1   and proximate result of an idiosyncratic reaction which was not reasonably foreseeable by

2   defendant with respect to plaintiff, and which was not the result of any conduct or negligence

3   on the part of defendant, nor the result of any defect in any product manufactured or distributed

4   by defendant.

5                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6          23.    Plaintiff's alleged injuries, to the extent they are found to be wholly or partially

7   attributable to the product of defendant, which is expressly denied by defendant, were the direct

8   and proximate result of plaintiff not following directions and/or instructions relating to the

9   product.

10                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

11         24.    Defendant provided adequate warnings regarding the proper use of the product.

12   Defendant's duty, if any to warn, is satisfied by providing adequate warnings.

13                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14         25.    At all times pertinent to the complaint, defendant did not have any knowledge of

15   any peculiar susceptibility of plaintiff to damage or injury from emotional distress. Plaintiff's

16   complaint seeks damages for emotional distress which a reasonable person, normally constituted,

17   would have been able to adequately cope.

18                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

19         26.    Defendant did not have actual or constructive notice of any dangerous condition

20   of the product in sufficient time before the accident within which measures could have been

21   taken to protect against the condition.

22                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

23         27.    This answering defendant specifically denies that any negligence on its part

24   contributed to or was a proximate cause of any injuries sustained by the plaintiff. But, in the

25   event it is found that this answering defendant is negligent in any manner or to any degree, this

26   answering defendant alleges upon information and belief that certain co-defendants may be

27   negligent to a certain degree for the injuries or damages sustained by the plaintiff, and further

28   alleges upon information and belief that there may be persons or parties no named to this action,

Target Anwer.wpd

**TARGET CORPORATION'S ANSWER TO COMPLAINT**

1  including plaintiff, who likewise may have contributed to a certain degree to the injuries alleged

2  to have been sustained by plaintiff; whereby, this answering defendant contends that in the event

3  there is found to be fault on the part of this answering defendant, which in any manner or degree

4  contributed to the injuries of the plaintiff, that a finding should be made apportioning and fixing

5  the comparative fault of any or all parties or persons whether named to this action or otherwise.

6  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

7      27.    Defendant is informed and believes, and based thereon alleges, that it may have

8  defenses to the claims of plaintiff not presently known to defendant and which inure to the

9  benefit of defendant, and defendant prays leave to amend its Answer to assert such defenses

10  when the same shall have been ascertained.

11      WHEREFORE defendant TARGET CORPORATION prays that plaintiff KIMBERLY

12  FRAZIER take nothing by this action and that defendant TARGET CORPORATION be

13  awarded costs and all other just relief.

14

15  Dated: March 24, 2010        MANNING & MARDER

16                      KASS, ELLROD, RAMIREZ LLP

17

18               By_____

19                      EUGENE J. EGAN
                    PAUL HANNA
                    Attorneys for Defendant
                    TARGET CORPORATION

20

21

22

23

24

25

26

27

28

**TARGET CORPORATION'S ANSWER TO COMPLAINT**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On March 24, 2010, I served the document described as **TARGET CORPORATION'S ANSWER TO COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Ogochukwu Victor Onwaeze
Onwaeze Law Group
3250 Wilshire Blvd., Suite 1500
Los Angeles, CA 90010
1999-33291
P: 213-738-5066; F: 213-738-5068
Email: onwaeze@aol.com
**Attorney for Plaintiff**
**KIMBERLEY FRAZIER**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number:   .

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2010, at Los Angeles, California.

_Brenda Leonardo_
Brenda Leonardo

Target Answer.wpd

**TARGET CORPORATION'S ANSWER TO COMPLAINT**

# EXHIBIT I

1  Paul H. Loh (SBN 160541)
   Edward T. Attanasio (SBN 119485)
2  WILLENKEN WILSON LOH & LIEB LLP
   707 Wilshire Blvd., Suite 3850
3  Los Angeles, CA 90017
   Tel: (213) 955-9240
4  Fax: (213) 955-9250

5  Attorneys for Defendant Proctor & Gamble
   U.S. Business Services Company

6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 23 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES

9

10  KIMBERLY FRAZIER,                    Case No.:  BC 432079

11            Plaintiff,

12  v.                                   **ANSWER TO COMPLAINT**

13  THE PROCTOR & GAMBLE U.S. BUSINESS
    SERVICES COMPANY, an Ohio Corporation
    California corporation; TARGET
14  CORPORATION, a Minnesota Corporation; and
    Does 1 through 10, inclusive;

15            Defendants,

16

17

18

19

20

21

22

23

24

25

26

27

28

29

1    Defendant The Proctor & Gamble U. S. Business Services Corporation ("P&G") answers the

2    Complaint of plaintiff Kimberly Frazier ("Plaintiff") as follows:

3

4                              **GENERAL DENIAL**

5    Pursuant to California Code of Civil Procedure section 431.30(d), P&G denies, generally and

6    specifically, each and all of the allegations in the unverified Complaint, and denies that Plaintiff is

7    entitled to damages or relief in any amount, or of any kind, by reason of any act or omission on the

8    part of P&G or any of its agents, servants or employees.

9

10                          **AFFIRMATIVE DEFENSES**

11                          **FIRST AFFIRMATIVE DEFENSE**

12                             **(Modification of Product)**

13    1.    As a first and separate affirmative defense to each and every cause of action asserted

14    against it, P&G alleges that to the extent that any injuries and damages were sustained by Plaintiff as

15    alleged in the Complaint, those injuries and damages were proximately caused by a modification to the

16    product that was not reasonably foreseeable and that occurred after the product left P&G's possession.

17                         **SECOND AFFIRMATIVE DEFENSE**

18                          **(Conduct/Fault of Third Parties)**

19    2.    As a second and separate affirmative defense to each and every cause of action

20    asserted against it, Defendant alleges that the happenings, events or occurrences alleged in the

21    complaint and the injuries and damages, if any, sustained as a result thereof, were caused directly by

22    the breach, negligence, omissions, fault or recklessness of persons or entities other than P&G and,

23    therefore, Plaintiff is not entitled to any relief whatsoever.

24                          **THIRD AFFIRMATIVE DEFENSE**

25                    **(Lack of Due Care/Comparative Negligence)**

26    3.    As a third and separate affirmative defense to each and every cause of action asserted

27    against it, P&G alleges that Plaintiff failed to exercise reasonable or ordinary care for her own safety

28    while engaged in the acts alleged in the Complaint.

30

**FOURTH AFFIRMATIVE DEFENSE**

**(Conduct/Fault of Plaintiff)**

4.      As a fourth and separate affirmative defense to each and every cause of action asserted against it, Defendant alleges that the Complaint and each cause of action asserted against it are barred in whole or in part because Plaintiff's own conduct and/or fault prevents Plaintiff from obtaining any recovery.

**FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

5.      As a fifth and separate affirmative defense to each and every cause of action asserted against it, P&G alleges that Plaintiff's claims are barred in whole or in part because Plaintiff assumed the risk of injury, thereby eliminating any duty of care owed by P&G with respect to matters alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(State of the Art Design)**

6.      As a sixth and separate affirmative defense to each and every cause of action asserted against it, Defendant alleges that Plaintiff's claims are barred in whole or in part because the product that is the subject of the Complaint was designed in accordance with the existing state of the art.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

7.      As a seventh and separate affirmative defense to each and every cause of action asserted against it, P&G alleges that Plaintiff is barred from recovery of any damages by reason of her failure to take reasonable actions to mitigate the damages alleged in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Danger Not Known)**

8.      As a eighth and separate affirmative defense to each and every cause of action asserted against it, P&G alleges that it did not cause the injuries alleged and, without in any way conceding such causation, P & G further states that, at the time P&G did the acts alleged in the Complaint, the

1 risk alleged in the Complaint was neither known nor scientifically knowable.  As a result, defendant
2 was not required to warn of the risk.

3

4 **PRAYER**

5 WHEREFORE, Defendant P&G prays for judgment as follows:

6   1.  That Plaintiff take nothing by the Complaint, and that judgment be entered against
7      Plaintiff and in favor of Defendant P&G; and

8   2.  For such other and further relief as this Court may deem just and proper.

9

10 Dated: March 23, 2010      WILLENKEN WILSON LOH & LIEB, LLP

11

12

13           Edward T. Attanasio
14           Attorneys for Defendant The Proctor & Gamble U. S.
          Business Services Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-
ANSWER TO COMPLAINT

32

## PROOF OF SERVICE

**STATE OF CALIFORNIA)**
**COUNTY OF LOS ANGELES)**

      I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On **March 23, 2010,** I served the foregoing document(s) described as:  **ANSWER TO COMPLAINT** on the interested parties in this action.

[ X ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Ogochukwu Victor Onwaeze
ONWAEZE LAW GROUP
3250 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90010
Fax: 213-738-5068
onwaeze@aol.com

[X]    **BY MAIL** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT COURIER** I caused each envelope with fees prepaid shipped by Federal Express.

[ ]    **BY ELECTRONIC MAIL** transmission of the document(s) set forth above, at the e-mail address indicated below.

[ ]    **BY TELECOPIER** by transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]    **BY PERSONAL SERVICE** I caused such envelope to be delivered by hand to the office(s) of the addressee(s) listed above.

Executed on **March 23, 2010,** at Los Angeles, California.

[X]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

AURORA M. VERDUGO
Type or Print Name

Signature



# CERTIFICATE OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On March 26, 2010, I served the document described as **1) NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)] (DIVERSITY) 2) DECLARATIONS OF PAUL HANNA, EDWARD T. ATTANASIO, AND KARLA CONSTANTINO** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Ogochukwu Victor Onwaeze
Onwaeze Law Group
3250 Wilshire Blvd., Suite 1500
Los Angeles, CA 90010
1999-33291
P: 213-738-5066; F: 213-738-5068
Email: onwaeze@aol.com
**Attorney for Plaintiff
KIMBERLEY FRAZIER**

Paul J. Loh, Esq.
Edward T. Attanasio, Esq.
Willenken Wilson Loh & Lieb LLP
707 Wilshire Bl., Suite 3850
Los Angeles, CA 90071
P: 213-955-8030; F: 213-955-9250
**Attorneys for Defendant Proctor & Gamble U.S. Business Services Co.**

☒ **(BY MAIL)**  I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):**   I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above.  I delivered said UPS envelope to the personnel of our mail room.  I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery.  Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number:  .

☐ **(BY PERSONAL SERVICE)**   I delivered such envelope by hand to the offices of the addressee.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on March 26, 2010, at Los Angeles, California.

_Brenda Leonardo_

Notice of Removal.wpd